Glenn WILHELMSEN and Stanley
Wilhelmsen, Plaintiffs,

v.

BOARD OF COMMISSIONERS OF TE-
TON COUNTY, WYOMING, and Teton
County Planning and Zoning Commis-
sion, Defendants.

No. C88–0199J.

United States District Court,
D. Wyoming.

Aug. 17, 1988.

Bernard Q. Phelan, Cheyenne, Wyo.,
Gary Jensen, Phoenix, Ariz., for plaintiffs.

Alan B. Minier, Hirst & Applegate, Chey-
enne, Wyo., for defendants.

## ORDER DENYING PETITION
## FOR REMAND

JOHNSON, District Judge.

THE ABOVE CAPTIONED MATTER
came before this court on August 10, 1988,
for hearing on plaintiffs' August 9, 1988,
petition for remand. For reasons discussed
below, the court shall deny the plaintiff's
petition for remand.

On June 27, 1988, the plaintiffs com-
menced an action against the Board of
Commissioners of Teton County, Wyoming,
and the Teton County Planning and Zoning
Commission in the District Court of the
Ninth Judicial District of the State of Wyo-
ming in and for Teton County. Plaintiffs
allege that certain zoning ordinances sub-
stantially diminish the value of their prop-
erty in Teton County. They seek damages
for an alleged inverse condemnation and
alternatively under 42 U.S.C. § 1983 for
alleged deprivation of their civil rights un-
der the Just Compensation Clause of the
Fifth Amendment and the Due Process
Clause of the Fourteenth Amendment of
the United States Constitution.

According to the complaint, in 1986 the
defendant Teton County Planning and Zon-
ing Commission ordered that the plaintiffs
cease operation of an automobile body shop

on the ground that it violated zoning ordinances passed by the Teton County Board of Commissioners. The plaintiffs applied to the Board of County Commissioners for a variance, which the board denied on August 4, 1987. Plaintiffs then commenced an action in state court alleging a state claim for inverse condemnation under Wyo. Stat. § 1–26–516 and a federal civil rights claim under 42 U.S.C. § 1983. On July 13, 1988, defendants filed in this court a petition for removal pursuant to 28 U.S.C. § 1441 based on the federal civil rights claim.

In their petition for remand, plaintiffs argue that under the Supreme Court's decision in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985), this court should remand this case because the federal claim will not be ripe until the state court has determined whether Wyoming's inverse condemnation statute provides an adequate remedy for an alleged taking based on an overregulation of plaintiff's property. The court agrees that under *Williamson County* a § 1983 claim for an alleged taking is not ripe until a property owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the state for obtaining such compensation. 473 U.S. at 194, 105 S.Ct. at 3120. The court disagrees, however, that it should remand plaintiffs' state law claim.

29 U.S.C. § 1441(b) provides in pertinent part that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United States shall be removable without regard to the citizenship or residence of the parties." Because plaintiffs' civil rights claim arises under both the constitution and laws of the United States, that claim was clearly removable to this court. Subsection (c) of section 1441 further provides that the entire case may be removed to federal court whenever a removable separate and independent claim is joined with one or more otherwise nonremovable claims. The entire case may also be re-

moved if the nonremovable claims are pendent to the federal claims. *See generally Carnegie–Mellon University v. Cohill*, —— U.S. ——, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) (a federal district court has discretion under the doctrine of pendent jurisdiction to remand a properly removed case to state court when all federal law claims in the action have been eliminated and only pendent state law claims remain). Pendent state claims are those that share the same nucleus of operative facts with the federal claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966).

Plaintiffs argue that 28 U.S.C. § 1441(c) gives this court discretion to remand their state law claim. This would be true only if that claim were a separate and independent one. Plaintiffs' state law claim, however, is not separate and independent from their § 1983 claim because both claims are derived from a common nucleus of operative fact. Thus, plaintiff's reliance on subsection (c) is misplaced because pendent claims are not separate and independent within the meaning of the removal statutes. *Carnegie–Mellon University*, 108 S.Ct. at 621.

Although pendent claim jurisdiction is a doctrine of discretion, which is not to be routinely exercised, *Central National Bank v. Rainbolt*, 720 F.2d 1183, 1187 (10th Cir.1983), a federal court should decline the exercise of that jurisdiction only when the federal law claims have dropped out of the lawsuit in its early stages and only state law claims remain. *See Carnegie–Mellon University*, 108 S.Ct. at 620. In that case, the Supreme Court explained that in determining whether a federal court should exercise pendent jurisdiction it "should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims." 108 S.Ct. at 618. Consideration of these concerns permits a court to treat each case "involving pendent claims in the manner that most sensibly accommodates a range of concerns and val-

ues." 108 S.Ct. at 619. Consideration of these factors weighs against remanding plaintiffs' pendent state law claim. This court will therefore deny plaintiffs' petition for remand at this stage of the litigation.

IT IS ORDERED that plaintiffs' petition for remand is DENIED.